**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANIBAL VEGA BELEN,<br>YANIRA COLON DE JESUS,<br>ANGEL MANUEL GOMEZ ROMAN,<br>EDWIN VELEZ ESPINOZA,<br>JOSE ENRIQUE QUINONEZ FLORES,<br>JOEL OMAR SALGADO NATAL, and<br>MARIA V. NEGRON DIAZ,<br><br>       Debtors. | CASE NOS.    11-8578 (EAG)<br>               11-8986 (MCF)<br>               11-8621 (ESL)<br>               11-8619 (EAG)<br>               11-8254 (ESL)<br>               11-9669 (BKT)<br>               11-9668 (BKT) |
| GUY G. GEBHARDT, United States<br>Trustee - Region 21,<br><br>       Plaintiff,<br><br>       v.<br><br>FUNDACION LUCHA PRO PADRES<br>CONVICTOS POR PENSION, CORP.,<br>VALENTIN VALDES AYALA,<br><br>       Defendants. | ADV. NOS.    12-00192<br>               12-00193<br>               12-00194<br>               12-00201<br>               12-00203<br>               12-00204<br>               12-00219<br><br>FILED & ENTERED ON 10/2/2013 |

**OPINION AND ORDER**

Fundación Lucha Por Padres Convictos Por Pensión, Corp. ("Fundación") is a non-profit corporation whose stated mission is to help men and women in Puerto Rico facing incarceration or currently imprisoned for failing to comply with their child support obligations. One method Fundación employs to aid such individuals is to file chapter 13 bankruptcy cases on their behalf in order to forestall a finding of contempt by a state court, or to nullify such an order if already

entered.[1]  The court does not address herein the merits of such a strategy.  However, the Bankruptcy

Code does strictly regulate the involvement by non-attorney bankruptcy petition preparers and debt

relief agencies in bankruptcy cases to ensure that they do not provide legal advice or legal services

to debtors.  See 11 U.S.C. §§ 110, 526-528.

On March 9, 2012, the United States trustee for Region 21 (the "U.S. trustee") initiated

adversary proceedings in 17 cases in this court against Fundación and its president and CEO,

Valentín Valdés Ayala ("Valdés," and together, "defendants").  (Adv. Docket No. 1.)  The U.S.

trustee contends that defendants violated various requirements of the relevant statutes regulating

bankruptcy petition preparers and debt relief agencies.  See 11 U.S.C. §§ 110, 526-528.  Among

other things, the U.S. trustee maintains that defendants provided legal advice to debtors despite not

being attorneys and hid their involvement in the debtors' bankruptcy cases from the court by having

an attorney who had never worked on the cases or, in some cases, even met the debtors submit the

bankruptcy petitions and related filings.  (Adv. Docket No. 1.)  In addition, the complaints also claim

that defendants misrepresented the nature of the services they could provide to the debtors and the

viability of debtor's cases, and made use of deceptive advertising that did not explicitly state that

they were not licensed to practice law.  Id.  On account of these various violations, the U.S. trustee

seeks the imposition of sanctions, civil penalties, compensatory damages, and injunctive relief.  Id.

---

[1] While child support debts are not dischargeable under the Bankruptcy Code, chapter 13 debtors have until the
completion of their three-to-five year financial restructuring plan to cure any pre-petition arrears of domestic
support obligations.  See 11 U.S.C. § 523(a)(5).  Debtors, however, must remain current on any post-petition
domestic support obligation, or face dismissal.  11 U.S.C. § 1307(c)(11).

Ten of the cases have since been dismissed or reassigned to another judge, and the seven remaining cases have been consolidated under lead case 12-192.[2] (Adv. Docket No. 7.) Defendants filed an answer to the consolidated action on October 2, 2012.  (Adv. Docket No. 23.)

Pending before the court is an unopposed motion for summary judgment filed by the U.S. trustee.  (Adv. Docket No. 36.)  For the reasons stated below, the U.S. trustee's motion is GRANTED as to the relief sought concerning Adv. Proc. Nos. 12-192, 12-201, 12-204, and 12-219, and DENIED as to relief sought regarding Adv. Proc. Nos. 12-193, 12-194, and 12-203.

**Jurisdiction**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).  This is a core proceeding in accordance with 28 U.S.C. §157(b).  See McDermott v. Jonak (In re Shadley), 2013 Bankr. LEXIS 1358, at *10 (Bankr. D. Minn. Mar. 29, 2013) (an adversary proceeding to enforce Section 110 is a matter "concerning the administration of the estate," and therefore a core proceeding).[3]

**Summary Judgment Standard**

Pursuant to Rule 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, a court shall grant summary judgment when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A

---

[2] The original order of consolidation included nine cases.  (Adv. Docket No. 7.)  However, the order was later amended to exclude adversary proceeding 12-200, and adversary proceeding 12-198 was found to have been consolidated in error and was subsequently reassigned to another judge.  (Adv. Docket No. 29; Adv. Proc. No. 12-198 at dkt. 10.)

[3] All statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, unless otherwise indicated.

dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodriguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). That being said, when a motion for summary judgment is unopposed, courts are nevertheless required to evaluate such a motion on its merits. See Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006) (noting that a district court is bound to review an unopposed motion for summary judgment on the merits).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood [of success] (no matter how reasonable those ideas may be) . . . ." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936

4

(1st Cir. 1987); <u>see also</u> <u>Mulero-Rodriguez v. Ponte, Inc.</u>, 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury") (quoting <u>Petitti v. New England Tel. & Tel. Co.</u>, 909 F.2d 28, 34 (1st Cir. 1990)).

**Findings of Fact**

The following facts are uncontested. Fundación is a non-profit company that was incorporated in Puerto Rico in July 2006. Valdés serves as its president and CEO. He is not an attorney, nor is he now or has he ever been otherwise authorized to practice law in Puerto Rico. Fundación does not disclose in its advertisements that its business concerns bankruptcy relief services, nor do its advertisements explicitly state that Fundación is a debt relief agency that helps people file for bankruptcy.

Due in part to the nature of the U.S. trustee's allegations, which contend that defendants purposely hid their involvement in debtors' bankruptcy cases, the court cannot determine which cases defendants actually were involved with simply from the face of the dockets. However, the U.S. trustee attached to its motion for summary judgment unsworn statements under penalty of perjury by four debtors (and, in some cases, their relatives) who engaged defendants' services and whose cases have been consolidated in this proceeding: Anibal Vega Belen, 11-8578(BKT)/12-192; Edwin Velez Espinosa, 11-8619(BKT)/12-201, together with his wife; Joel Omar Salgado Natal, 11-9669(BKT)/12-204, together with his sister; and Maria Negron Díaz, 11-9668(BKT)/12-219. (Adv. Docket Nos. 36-1, 36-2, 36-3, 41-3.) With respect to these four cases only, bearing in mind that the motion for summary judgment was unopposed, the court makes the following findings of fact:

Valdés, alone and through Fundación, advertised his services to men and women facing

incarceration or in some cases already imprisoned due to child support arrearage, either directly or by targeting their family members.  Valdés promised the debtors in question that they could avoid jail time by filing for bankruptcy under chapter 13.  After receiving payment for their services, defendants prepared legal documents on behalf of debtors including the bankruptcy petition, schedules, and the statement of financial affairs despite not being licensed to practice law.[4] Defendants also counseled debtors as to what other information and documentation was required for the filing, and submitted certifications on behalf of debtors indicating that they had attended the requisite credit counseling sessions when they had not done so.  When the cases were filed, defendants failed to submit Official Bankruptcy Form B19, which requires the disclosure under penalty of perjury of any fee received by a bankruptcy petition preparer.  Nor did defendants otherwise disclose their involvement in the cases to the court.  Rather, defendants contracted with an attorney, Angel Olivera Soto ("Olivera"), to file with the court the documents defendants prepared and to sign the petition and other filings despite not drafting the documents himself or even on some occasions meeting with the debtors prior to the cases being filed.  Olivera was paid a flat fee of approximately $350 per case for his work.

As to the other three adversary proceedings where no declaration was filed, the court finds that it remains an issue of fact as to whether the defendants prepared and filed those debtors' bankruptcy cases.  In so finding, the court notes that it has not been established that attorney Olivera filed cases only on behalf of Fundación.

**Legal Analysis**

---

[4] Per the certifications submitted with the motion for summary judgment, debtor Anibal Vega Belen paid defendants $1,575 in legal fees, $1,675 was paid on behalf debtor Edwin Velez Espinoza, and $1,600 was paid on behalf of debtor Joel Omar Salgado Natal.  (Docket Nos. 36-1, 36-2, and 36-3.)  Debtor Maria Negron Díaz did not indicate how much she paid defendants for their services.  (Docket No. 41-1.)

The conduct of non-attorney bankruptcy petition preparers is regulated by Section 110 of the Code.  11 U.S.C. § 110.  Section 110(a) defines a bankruptcy petition preparer as someone "other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" in connection with a bankruptcy case.  11 U.S.C. § 110(a).  Enacted to address the proliferation of bankruptcy petition preparers not employed or supervised by attorneys, the provision limits the types of activities in which bankruptcy petition preparers can be engaged, particularly with respect to providing legal advice or engaging in the unauthorized practice of law.  In re Springs, 358 B.R. 236, 241 (Bankr. M.D.N.C. 2006).

To that point, the provision prohibits bankruptcy preparers from providing legal advice, executing documents on behalf of the debtor, or from using the word "legal" or any similar term in advertisements.  11 U.S.C. § 110(e)-(f).  In fact, the statute requires petition preparers to provide written notice informing the debtor that they are not attorneys and may not give legal advice or practice law. 11 U.S.C. § 110(b)(2).  Petition preparers are also prohibited from collecting any court filing fees from the debtor, and they must disclose to the court all fees received from the debtor within the 12 months prior to the petition being filed and any remaining unpaid fees charged to the debtor.  11 U.S.C. § 110(g), (h)(2).  Furthermore, the provision requires petition preparers to place an identifying number on any document they prepare.  11 U.S.C. § 110(c).  The statute provides for a variety of remedies for violations of its terms, including disgorgement of some or all fees charged, § 110(h)(3); sanctions, § 110(i)(1); fines, § 110(l)(1);  compensatory and statutory damages, § 110(i)(1); and injunctive relief, § 110(j).

The Bankruptcy Code also regulates debt relief agencies.  11 U.S.C. §§ 526-28.  The Code defines a debt relief agency as "any person who provides any bankruptcy assistance to an assisted

7

person in return for the payment of money or other valuable consideration." 11 U.S.C. § 101(12A).

Bankruptcy assistance is defined as "any goods or services sold or otherwise provided to an assisted

person with the express or implied purpose of providing information, advice, counsel, document

preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on

behalf of another or providing legal representation with respect to a case or proceeding under this

title." 11 U.S.C. § 101(4A). The Code defines assisted person as "any person whose debts consist

primarily of consumer debts and the value of whose nonexempt property is less than $164,250." 11

U.S.C. § 101(3).

Section 526 prohibits a debt relief agency from misrepresenting to any assisted person or

prospective assisted person the services that such agency will provide and the benefits and risk that

may result if such person files for bankruptcy. 11 U.S.C. § 526(a)(3). The provision also focuses

on debt relief agencies' use of advertisements, requiring *inter alia* the agency to clearly identify that

the assistance offered may involve bankruptcy relief and to include the following statement, or one

substantially similar, in any advertisement of bankruptcy assistance services: "We are a debt relief

agency. We help people file for bankruptcy relief under the Bankruptcy Code." 11 U.S.C. § 528(b).

Here, with regard to the four cases in which the debtors' submitted unsworn statements under

penalty of perjury regarding defendants' role in the preparation and filing of their bankruptcy case,

Adv. Proc. Nos. 12-192, 12-201, 12-204, and 12-219, the court concludes that defendants acted as

bankruptcy petition preparers as defined in Section 110(a) in those cases, and are thus subject to the

rules and regulations of that provision. The U.S. trustee has established that defendants provided

legal advice to debtors in contravention of Section 110(e)(2)(A), specifically by counseling debtors

to seek bankruptcy relief under chapter 13, advising debtors as to what documents were required for

8

the filing, and by preparing various legal documents on behalf of debtors.  The unauthorized practice of law by a non-attorney bankruptcy petition preparer constitutes "fraudulent, unfair, or deceptive" practice pursuant to Section 110(i)(1).  United States Tr. v. Burton (In re Rosario), 493 B.R. 292, 338 (Bankr. D. Mass. 2013).  In addition, the court finds that defendants did not provide debtors with the written notice required by Fed. R. Bankr. P. 9009 informing them, among other things, that defendants are not attorneys and may not practice law or give legal advice.  The court also finds that defendants failed to sign and/or include their address on the legal documents they prepared, in accordance with Section 110(b), or to comply with the disclosure requirements of Section 110(c).  Furthermore, the court finds that defendants prepared documents for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, as per Section 110(l)(2)(D).  The court also finds that defendants collected or received payment from debtors for the court fees in connection with filing the petitions, but failed to disclose those fees to the court in violation of Section 110(h)(2).

With regard to the remaining three cases, the court determines that there remains an issue of material fact with regard to whether defendants provided petition preparer services, pursuant to Section 110, to the debtors in those cases.

As to the U.S. trustee's claims concerning defendants' role as a debt relief agency, the court first finds that both defendants qualify as debt relief agencies since they are bankruptcy petition preparers.[5]  11 U.S.C. § 101(12A).  The court also finds that defendants made several misrepresentations to their clients in violation of  Section 526(c)(2)(A) regarding, among other

---

[5]/While non-profit organizations that are tax exempt under section 501(c)(3) of the Internal Revenue Code of 1986 do not qualify as debt relief agencies, Fundación has neither alleged nor set forth any evidence to support a finding that it is a tax-exempt entity.  11 U.S.C. § 101(12A)(B).

9

things, the advisability of filing a bankruptcy case without a valid credit counseling certification and

the likelihood of confirming a plan with pre-or-postpetition child support arrears.  11 U.S.C. §

526(c)(2)(A).  Furthermore, the court further finds that defendants' advertisement fails to comply

with the disclosure requirements of Section 528(b).  See Adv. Docket No. 41-2; 11 U.S.C. § 528(b).

Based on the foregoing, the court enters the following orders:

The U.S. trustee's motion for summary judgment is GRANTED as to relief sought concerning Adv. Proc. Nos. 12-192, 12-201, 12-204, and 12-219, and DENIED as to relief sought regarding Adv. Proc. Nos. 12-193, 12-194, and 12-203.

Defendants, jointly and severally, are hereby ordered to pay fines in the total amount of $42,000 to the U.S. trustee, based on violations of Sections 110(b),(c), (e)(2)(A), (g), (l)(1) and (l)(2).  This amount is calculated based on the court's finding of seven violations of Sections 110(b),(c), (e)(2)(A), and (g) in each of the bankruptcy cases corresponding to Adv. Proc. Nos. 12-192, 12-201, 12-204, and 12-219.  The U.S. trustee is entitled to $500 for each violation per case, which totals $14,000 for the four cases.  This amount is then trebled due to the court's finding that defendants prepared the bankruptcy filings in a manner that failed to disclose the identity of the petition preparer pursuant to Section 110(l)(2)(D).

Defendants shall make all payments related to the above order to the U.S. trustee by October 25, 2013.  Defendants shall file by the same date an unsworn declaration in this adversary proceeding verifying the completion of those payments, and documentary proof that the payments have been made.

Defendants, jointly and severally, are hereby sanctioned pursuant to Section 110(i)(1) and ordered to make payments under Section 110(i)(1)(B) as follows: to debtor Anibal Vega Belen in the amount of $3,150, to debtor Edwin Velez Espinoza in the amount of $3,350, to debtor Joel Omar Salgado Natal in the amount of $3,200, and to debtor Maria Negron Diaz in the amount of $2,000.

Defendants shall make all payments corresponding to the above sanction order to the respective debtors by October 25, 2013.  Defendants shall file by the same date an unsworn declaration in this adversary proceeding verifying the completion of those payments, and documentary proof that the payments have been made.

Pursuant to Section 526(c)(1), any contract for bankruptcy between defendants and the debtors whose cases have been consolidated in this action is hereby deemed void and unenforceable by any person other than the respective debtor.

10

Pursuant to Sections 110(j)(2)(A) and 526(c)(5), defendants, in their own capacity and through the action of any other entity in which they own an interest or from which they derive a pecuniary benefit, are enjoined from the following acts or conduct:

accepting any fee from any person in connection with a bankruptcy case venued in the District of Puerto Rico, until the defendants complete the payment to the U.S. trustee ordered above and file evidence with the court of the same;

giving explanation or advice to any person on any factual or legal aspect of participating in the bankruptcy process under federal law, including but not limited to explanation of the differences among bankruptcy relief under chapters 7, 11, 12, or 13 of the Bankruptcy Code and the possible discharge of debts under them; advice under which chapter to file for relief; advice on the consequences of a bankruptcy filing on tax liability; advice on how to complete the petition, statements, schedules, and lists to commence a bankruptcy case; advice on how to claim assets exempt from the bankruptcy estate (including the relative merits of electing exemptions under Puerto Rico law or Federal law); advice on how to testify or to respond in any way to inquiries, requests, or directives from the United States Bankruptcy Court, panel or standing trustees, or the United States trustee; and advice on how to deal with the claims of secured creditors in a bankruptcy case (including reaffirmation on prepetition debt or negotiations on repayment of such debt); and

engaging in bankruptcy petition preparation within the meaning of Section 110(a) without ensuring that all disclosures of their engagement and involvement are fully and truthfully made in all documents filed, in compliance with Sections 110(b)(1), 110(c), and 110(h)(2).

Pursuant to Sections 110(j)(2)(A) and 526(c)(5), defendants, in their own capacity and through the action of any other entity in which they own an interest or from which they derive a pecuniary benefit, shall forthwith:

cease their placement and publication of all advertising in any public or private medium (including radio-, print- and Web-based), in which they offer any form of assistance toward the filing of a bankruptcy petition to members of the public;

terminate the operation and maintenance of (i.e., fully take down and remove) any and all websites through which they publicize and facilitate their provision of such assistance, under any name and through any entity whatsoever; and

terminate all advertising and publicity for themselves that they have maintained in telephone service directories under categories such as "legal services," "attorneys," and any other title that states or suggests that defendants are attorneys at law or can provide legal services to the public themselves.

In Ponce, Puerto Rico, this 2nd day of October, 2013.

Edward A. Godoy
U.S. Bankruptcy Judge